**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:10-cv-112 |
| ) | |
| HTC CORPORATION ) | JURY TRIAL DEMANDED |
| and HTC AMERICA, INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MobileMedia Ideas LLC ("MMI"), by and through its undersigned attorneys, demands a trial by jury on all issues and hereby alleges as follows for its Complaint against Defendants HTC Corporation ("HTC") and HTC America, Inc. ("HTCA") (collectively, "Defendants"):

**PARTIES**

1. Plaintiff MMI is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business in Chevy Chase, Maryland. MMI owns the patents at issue in this litigation.

2. Defendant HTC is a corporation organized and existing under the laws of Taiwan and has its principal place of business in Taoyuan, Taiwan. HTC is engaged in the design, manufacture, marketing and sale of, among other things, smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, T-Mobile G-1 ("G-1"), T-Mobile myTouch 3G ("myTouch 3G"), Dash 3G, XV6900, Fuze, Hero, Snap, Google Nexus One ("Nexus One), T-

Mobile Shadow Hotspot ("Shadow Hotspot") and Touch Cruise. HTC sells its smartphone products in this district and throughout the United States.

3. Defendant HTCA is a corporation organized and existing under the laws of the State of Texas and has its principal place of business in Bellevue, Washington. On information and belief, HTCA is a wholly owned subsidiary of HTC through which HTC conducts its business in the United States. HTCA sells HTC smartphone products in this district and throughout the United States, including but not limited to, Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States. MMI asserts claims for patent infringement under 35 U.S.C. §§ 271 and 281.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. HTCA is organized under the laws of the State of Texas, and HTC and HTCA transact business in the State of Texas and are thus subject to personal jurisdiction in this district.

7. HTC and HTCA are subject to venue in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. §§ 1391(c) and (d) because HTC is a foreign corporation, and HTCA is a Texas corporation that transacts business in this state.

## SUMMARY OF CLAIMS

8. This is a patent infringement action brought by MMI against Defendants for Defendants' infringement of MMI's patents.

9. MMI owns all of the patents-in-suit and offers non-exclusive licenses under the MMI patents.

10. Defendants are infringing the patents-in-suit by, among other things, making, importing, using, offering to sell and/or selling in the United States and in this judicial district Defendants' smartphone products as listed above, which employ MMI patented technology.

11. In making, importing, using, offering to sell and/or selling the infringing products, providing customers with instructions about the use of such products and continuing such acts, Defendants knew or should have known the products would be used in an infringing manner. Defendants intended to encourage this infringement and continue to do so.

## FACTS

**Patents-In-Suit**

12. United States Patent No. 5,915,239 (the "'239 Patent") was duly and legally issued on June 22, 1999 and was assigned to MMI on January 11, 2010 for an invention entitled "Voice-controlled telecommunication terminal." Plaintiff MMI owns and holds the rights to the '239 Patent, a copy of which is attached hereto as Exhibit A.

13. United States Patent No. 5,977,887 (the "'887 Patent") was duly and legally issued on November 2, 1999 and was assigned to MMI on January 11, 2010 for an invention entitled "Data storage apparatus." Plaintiff MMI owns and holds the rights to the '887 Patent, a copy of which is attached hereto as Exhibit B.

14. United States Patent No. 6,043,760 (the "'760 Patent") was duly and legally issued on March 28, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Language-dependent letter input by means of number keys." Plaintiff MMI owns and

holds the rights to the '760 Patent, a copy which is attached hereto as Exhibit C.

15. United States Patent No. 6,049,796 (the "'796 Patent") was duly and legally issued on April 11, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Personal digital assistant with real time search capability." Plaintiff MMI owns and holds the rights to the '796 Patent, a copy of which is attached hereto as Exhibit D.

16. United States Patent No. 6,253,075 (the "'075 Patent") was duly and legally issued on June 26, 2001 and was assigned to MMI on January 11, 2010 for an invention entitled "Method and apparatus for incoming call rejection." Plaintiff MMI owns and holds the rights to the '075 Patent, a copy of which is attached hereto as Exhibit E.

17. United States Patent No. 6,427,078 (the "'078 Patent") was duly and legally issued on July 30, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Device for personal communications, data collection and data processing, and a circuit card." Plaintiff MMI owns and holds the rights to the '078 Patent, a copy of which is attached hereto as Exhibit F.

18. United States Patent No. 5,490,170 (the "'170 Patent") was duly and legally issued on February 6, 1996 and was assigned to MMI on January 11, 2010 for an invention entitled "Coding apparatus for digital signal." Plaintiff MMI owns and holds the rights to the '170 Patent, a copy of which is attached hereto as Exhibit G.

19. United States Patent No. 5,841,979 (the "'979 Patent") was duly and legally issued on November 24, 1998 and was assigned to MMI on January 11, 2010 for an invention entitled "Enhanced delivery of audio data." Plaintiff MMI owns and holds the rights to the '979 Patent, a copy of which is attached hereto as Exhibit H.

20. United States Patent No. 6,070,068 (the "'068 Patent") was duly and

legally issued on May 30, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Communication terminal device and method for controlling a connecting state of a call into a desired connection state upon a predetermined operation by a user."  Plaintiff MMI owns and holds the rights to the '068 Patent, a copy of which is attached hereto as Exhibit I.

21. United States Patent No. 6,871,048 (the "'048 Patent") was duly and legally issued on March 22, 2005 and was assigned to MMI on January 11, 2010 for an invention entitled "Mobil[e] communication apparatus and information providing system using the mobile communication apparatus."  Plaintiff MMI owns and holds the rights to the '048 Patent, a copy of which is attached hereto as Exhibit J.

22. United States Patent No. 7,349,012 (the "'012 Patent") was duly and legally issued on March 25, 2008 and was assigned to MMI on January 11, 2010 for an invention entitled "Imaging apparatus with higher and lower resolution converters and a compression unit to compress decreased resolution image data."  Plaintiff MMI owns and holds the rights to the '012 Patent, a copy of which is attached hereto as Exhibit K.

**Notice to Defendants**

23. On February 22, 2010, HTC was notified by letter that its products, including but not limited to the infringing products listed herein, have infringed and continue to infringe the patents-in-suit.

24. On February 16, 2010, HTCA was notified by letter that its products, including but not limited to the infringing products listed herein, have infringed and continue to infringe the patents-in-suit.

**FIRST CAUSE OF ACTION**

(Infringement of the '239 Patent)

25. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

26. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '239 Patent.

27. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, Dash 3G, Fuze, Snap, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

28. HTC and HTCA's infringement of the '239 Patent is willful and in deliberate disregard of MMI's rights under the patent.

29. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

**SECOND CAUSE OF ACTION**

(Infringement of the '887 Patent)

30. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

31. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '887 Patent.

32. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone

models Droid Eris, Imagio, Pure, Tilt 2, Touch Pro 2, XV6900, Fuze, Hero, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

33. HTC and HTCA's infringement of the '887 Patent is willful and in deliberate disregard of MMI's rights under the patent.

34. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

### THIRD CAUSE OF ACTION
(Infringement of the '760 Patent)

35. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

36. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '760 Patent.

37. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Pure, Tilt 2, Touch Pro 2, XV6900, Fuze, Hero and Touch Cruise in violation of 35 U.S.C. § 271.

38. HTC and HTCA's infringement of the '760 Patent is willful and in deliberate disregard of MMI's rights under the patent.

39. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## FOURTH CAUSE OF ACTION

(Infringement of the '796 Patent)

40. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

41. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '796 Patent.

42. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

43. HTC and HTCA's infringement of the '796 Patent is willful and in deliberate disregard of MMI's rights under the patent.

44. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## FIFTH CAUSE OF ACTION

(Infringement of the '075 Patent)

45. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

46. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '075 Patent.

47. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

48. HTC and HTCA's infringement of the '075 Patent is willful and in deliberate disregard of MMI's rights under the patent.

49. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## SIXTH CAUSE OF ACTION

(Infringement of the '078 Patent)

50. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

51. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '078 Patent.

52. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

53. HTC and HTCA's infringement of the '078 Patent is willful and in deliberate disregard of MMI's rights under the patent.

54. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## SEVENTH CAUSE OF ACTION

(Infringement of the '170 Patent)

55. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

56. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '170 Patent.

57. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

58. HTC and HTCA's infringement of the '170 Patent is willful and in deliberate disregard of MMI's rights under the patent.

59. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## EIGHTH CAUSE OF ACTION

(Infringement of the '979 Patent)

60. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

61.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '979 Patent.

62.     HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

63.     HTC and HTCA's infringement of the '979 Patent is willful and in deliberate disregard of MMI's rights under the patent.

64.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## NINTH CAUSE OF ACTION

(Infringement of the '068 Patent)

65.     MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

66.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '068 Patent.

67.     HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

68. HTC and HTCA's infringement of the '068 Patent is willful and in deliberate disregard of MMI's rights under the patent.

69. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## TENTH CAUSE OF ACTION

(Infringement of the '048 Patent)

70. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as though fully set forth in this paragraph.

71. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '048 Patent.

72. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, Fuze, Snap, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

73. HTC and HTCA's infringement of the '048 Patent is willful and in deliberate disregard of MMI's rights under the patent.

74. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## ELEVENTH CAUSE OF ACTION

(Infringement of the '012 Patent)

75. MMI repeats and realleges paragraphs 1 through 24 of its Complaint as

though fully set forth in this paragraph.

76. MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '012 Patent.

77. HTC and HTCA have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone models Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise in violation of 35 U.S.C. § 271.

78. HTC and HTCA's infringement of the '012 Patent is willful and in deliberate disregard of MMI's rights under the patent.

79. As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

WHEREFORE, MMI prays for judgment and seeks relief against HTC and HTCA as follows:

(a) That the Court find and declare that Defendants are infringing each of the patents-in-suit in violation of 35 U.S.C. § 271;

(b) That the Court find and declare that this infringement was and continues to be willful;

(c) That the Court issue a permanent injunction against further infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

(d) That the Court award Plaintiff damages adequate to compensate for the infringement of the patents-in-suit in an amount to be determined at trial, together with interest

and costs as fixed by this Court; all of those damages to be enhanced in an amount up to treble the amount of compensatory damages as this Court finds proper, for example, due to Defendants' willful infringement, as provided by 35 U.S.C. § 284;

    (e) That the Court find and declare this to be an exceptional case entitling Plaintiff to reasonable attorneys' fees, costs and disbursements pursuant to 35 U.S.C. § 285; and

    (f) That the Court grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  March 31, 2010

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ Sam Baxter
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
104 E. Houston St., Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John F. Garvish, II
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
McKOOL SMITH, P.C.
300 W. 6th St. Suite 1700
Austin, Texas  78701
Telephone:     (512) 692-8700
Facsimile:     (512) 692-8744

Garrard R. Beeney
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
Evan L. Kahn
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for Plaintiff*
*MobileMedia Ideas LLC*