**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | | |
|---|---|---|---|
| **MOBILEMEDIA IDEAS LLC,** | § | | |
| | § | | |
| **Plaintiff** | § | | |
| | § | | |
| **vs.** | § | **NO.** | **2:10-cv-112-TJW** |
| | § | | |
| **HTC CORPORATION and HTC** | § | | |
| **AMERICA, INC.,** | § | | |
| | § | | |
| **Defendants.** | § | | |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff MobileMedia Ideas LLC and Defendants HTC Corporation and

HTC America, Inc., hereafter referred to as "the Parties," believe that certain information that is

or will be encompassed by discovery demands by the Parties involves the production or

disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

with Federal Rule of Civil Procedure 26(c):

1.      "Discovery Material" means all items and information, including from any non-

Party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony, transcripts, or tangible things) that are produced, disclosed, derived or

generated in connection with discovery or Rule 26(a) disclosures in this case.  Confidential

Discovery Material may be designated "Protected Materials."  Except as otherwise indicated

below, all Discovery Material designated by the producing Party as "CONFIDENTIAL,"

"CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS'

EYES ONLY – SOURCE CODE" are Protected Materials and shall be treated as set forth

herein.  All copies, reproductions, extracts, digests and complete or partial summaries prepared

from any Protected Material shall also be considered Protected Material and treated as such under this Order.

2.      Each Party shall have the right to designate materials as "CONFIDENTIAL" any Discovery Material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the designating Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality.  The following information is not CONFIDENTIAL: (a) any information which at the time of disclosure to a receiving Party is in the public domain; (b) any information which after disclosure to a receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order; (c) any information which a receiving Party received, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing Party; and (d) any information independently developed by the receiving Party.  To the extent a producing Party believes that certain CONFIDENTIAL Discovery Materials are so sensitive that their dissemination requires even further limitation, the producing Party may designate such Discovery Materials "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including, by way of example only, (i) sensitive non-public technical information such as non-public technical descriptions and/or depictions of the relevant technology that would reveal trade secrets;  (ii)  non-public sales and financial information;  (iii)  trade secrets;  (iv)  non-public customer lists;  (v)  non-public business and/or marketing plans; (vi)  non-public price lists and/or pricing information or license terms; and (vii) information subject to a current Non-Disclosure Agreement ("NDA"), third-Party confidentiality agreement or order or that otherwise contains confidential non-Party information.

3.      Any Discovery Material produced in this action before issuance of this Order with the designation "Confidential" or "Highly Confidential - Attorneys' Eyes Only" or the like shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such Discovery Material is redesignated to have a different classification under this Order

4.      Any Discovery Material made available for inspection by counsel for the receiving Party without being stamped for production will be considered as CONFIDENTIAL – ATTORNEYS' EYES ONLY and treated accordingly under this Order.  If such Discovery Material is later marked for production, the producing Party may designate it in accordance with this Order.

5.      Deposition transcripts, or portions thereof, may be designated as subject to this Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate confidentiality designation as the designating Party may direct, or (b) within fifteen (15) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record. All deposition transcripts not previously designated shall be deemed to be and shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY information until the expiration of the period set forth in this paragraph.

6.      A designation of Protected Material (*i.e.*, CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE) may be made at any time. Inadvertent or unintentional production of confidential Discovery Material that has not been designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces

confidential Discovery Material without designating it may request destruction of that

confidential Discovery Material by notifying the recipient(s), as soon as reasonably possible after

the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing

replacement Protected Material that is properly designated. The recipient(s) shall then return or

destroy all copies of the inadvertently or unintentionally produced Discovery Materials.

7.      A Party shall designate Discovery Material as CONFIDENTIAL,

CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL – ATTORNEYS'

EYES ONLY – SOURCE CODE only upon a good faith belief that the Discovery Material meet

the requirements for such designations as set forth in paragraph 2 and elsewhere herein.

8.      Nothing in this Order changes or alters the discovery provisions of the Federal

Rules of Civil Procedure or the Local Rules or Rules of Practice for Patent Cases before the

United States District Court for the Eastern District of Texas.  Identification of any individual

pursuant to this Order does not make that individual available for deposition or any other form of

discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the

Local Rules or Rules of Practice for Patent Cases before the United States District Court for the

Eastern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery

Order.

9.      All Protected Materials are entitled to confidential treatment pursuant to the terms

of this Order until and unless the parties formally agree in writing or on the record to the contrary

or a contrary determination is made by the Court as to whether all or a portion of such Protected

Material is entitled to a lesser or no confidential treatment.

10.     Protected Materials shall be used by the Parties only in the litigation of this

Action and shall not be used for any other purpose. Any person or entity who obtains access to

Protected Materials or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Materials or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified as Protected Materials and subject to all of the terms and conditions of this Order.

   11.1.   Discovery Material designated CONFIDENTIAL shall not be disclosed to any person except:

A.   Outside counsel of record in this action;

B.   Employees or contractors employed by outside counsel of record in this action and copying, litigation support services and translators working under the direction of outside counsel of record;

C.   The Court, the Court's personnel, jurors and any court considering any appeal in this matter and its personnel;

D.   Technical advisors, consultants and testifying experts provided that (a) such person has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A, and (b) no unresolved objections to such disclosure exist after proper notice has been given in accordance with Paragraph 12 below;

E.   Not more than one (1) in-house counsel for the receiving Party who has responsibility for making decisions dealing directly with the litigation of this Action, or who is assisting outside counsel in the litigation of this Action, and the paralegals and/or clerical staff regularly employed to assist such in-house counsel, provided that the identity of such in-house counsel shall be disclosed in writing via e-mail to the producing Party at least five (5) days prior to the initial disclosure of the producing Party's Protected Material to such in-house counsel. The producing Party may object to such disclosure in writing in accordance with the procedures set forth in subparagraph 12(iii) below.  If any such objection is made, it shall be resolved in accordance with the procedures set forth in subparagraph 12(iii);

F.   Not more than two (2) other representatives of the receiving Party who are substantively involved in the management or supervision of the litigation, provided that such representatives first agree to be bound by the terms of this Protective Order by executing the Confidentiality Undertaking in the form attached as Attachment A;

G. Court reporters and videographers employed in connection with this action;

H. Trial and hearing support personnel and their staffs (e.g., graphics operators, designers and animators), and jury consultants and their staffs, provided that such persons first agree to be bound by the terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as Attachment A;

I. Any person who appears on the face of the designated Discovery Material as an author, creator, addressee or recipient thereof.

J. Any witness at deposition or trial who is an officer, director, corporate representative or employee of the designating Party or whose testimony or documentary evidence establishes has prior knowledge of the contents of the designated Discovery Material in accordance with the procedures set forth in paragraph 17 hereof.

K. Any other person with the prior written or on-the-record consent of the designating Party.

11.2. Discovery Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY shall only be disclosed to those categories of individuals listed in Paragraphs 11.1(A) through (E) and (G) through (K), subject to the restrictions therein.

11.3 Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided that counsel does not disclose the Protected Material itself as provided in this Order.

11.4. Each party shall have the right to designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" in the following categories: (i) highly confidential and/or trade secret computer source code; (ii) computer source code which constitutes or reveals any trade secret or (iii) source code which constitutes or reveals other highly confidential research or development information, the disclosure of which the disclosing party reasonably believes could cause competitive harm to the business operations of the disclosing party or provide improper business or commercial advantage to others.

Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the provisions of this Order and shall be provided with further protections in accordance with the following:

A.   "Source code" includes documents and human-readable programming language text that define software, firmware, or electronic hardware descriptions (hereinafter referred to as "source code"). Text files containing source code shall hereinafter be referred to as "source code files." Source code files include, but are not limited to files containing text written in "C", "C++", assembly, VHDL, Verilog, and digital signal processor ("DSP") programming languages. Source code files further include ".include files," "make" files, link files, and other human-readable text files and documents used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

B.   To the extent that any party wishes to obtain access to Discovery Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, the following procedures shall apply:

i.   The producing party shall make all properly requested source code available for inspection on a stand-alone, non-networked personal computer or computers running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer(s)"). Should it be necessary, the Source Code Computer(s) may be configured by the producing party to run on other mutually agreed upon operating systems, such as Linux.

ii.   The producing party shall make the source code available in its native format in a secure room at a secure facility at a location agreed to by the producing and receiving parties or ordered by the Court. The producing party shall make the source code available in such a way that the produced source code reflects the file structure of the source code as it is maintained by the producing party at the time of production of the source code.

iii.   From the time of the Pretrial Conference in this case and continuing through the end of trial the Source Code Computer(s) may be moved to a location agreed to by the producing and receiving parties or ordered by the Court in Marshall, Texas.

iv.   The producing party may not videotape or otherwise monitor review of source code by the receiving Party.

v.   The receiving party may use appropriate tool software on the Source Code Computer(s). The producing party shall be responsible for installing, at the producing parties' expense, if any, basic utilities and tools that are sufficient for viewing and searching the code produced on the platform produced, if such tools exist and are presently used in the course of the producing

party's business.  At a minimum, the utilities or tools should provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, and (c) compare two files and display their differences.  The receiving party may also request that other commercially available utilities or tools be installed on the Source Code Computer(s), including but not limited to Understand C, Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro.  In the event the receiving party seeks to use other commercially available utilities or tools, licensed copies of tool software shall be installed on the Source Code Computer(s) by the producing party at the receiving parties request.  The receiving party shall either provide the tools on CD or DVD or undertake to pay for such requested tools downloaded and installed by the producing party.

vi.          The Source Code Computer(s) shall be made available from 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request and two business days advanced written notice (which may be via email) until the conclusion of the trial of this action.

vii.          Discovery Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE may be disclosed only to the persons identified in paragraph 11.2, except such Discovery Material shall not be disclosed to those categories of individuals listed in Paragraphs 11.1(E). Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE by a Defendant shall not be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the Discovery Material.

viii.          No more than three (3) individuals, per producing Party, who qualify under Paragraph 11.1D, above, for each receiving Party, may have access to the Source Code Computer(s).  For each day that counsel for the receiving Party requests a review of a Source Code Computer, it must give at least two business days (and at least 48 hours) notice to the counsel for the producing Party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer(s), and will identify the individuals.

ix.          Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer(s).  Proper identification is hereby defined as a photo identification card sanctioned by the government of a United States state, by the United States federal government, or by the nation state of the authorized person's current citizenship.  Access to the secure facility or the Source Code Computer(s) may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

x.          The Source Code Computer(s) shall be equipped with a printer to print copies of the source code on yellow, pre-Bates numbered paper, which shall be provided by the producing Party upon request of the receiving Party.  All printed source code shall be logged by the receiving Party to facilitate

destruction certification as described in paragraph xiii below. In addition to other reasonable steps to maintain the security and confidentiality of the producing Party's source code, all printed copies of the source code maintained by the receiving Party must be kept in a locked storage facility when not in use. No electronic copies of the source code shall be made by the receiving party except for electronic copies made for filing (under seal) in a proceeding with the Court, for inclusion in an expert report, or for use for presentation purposes at trial or in a hearing in this matter. The receiving party will limit its printing of paper copies of the source code to source code that is reasonably related to this case.

xi.             Other than in connection with pleadings filed under seal and for use in connection with depositions (relevant portions of which may be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE by the producing Party), the receiving Party may make no more than four (4) subsequent hard copies of the printed copies on yellow paper, and shall treat such copies in accordance with the terms of this Order applicable to originals, including maintaining such copies in a locked facility when not in use and shall maintain a log of such copies for record keeping purposes and to ensure proper destruction at the conclusion of this action in accordance with subparagraph (xiii) of this section, below. Hard copies of the source code also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology;

xii.            No recordable media or storage devices, including without limitation any sound recorder, scanner, camera, CD, DVD, or external drive of any kind, shall be permitted into the Source Code Review Room, but outside counsel shall be permitted to bring their cellular phone or smartphone devices into the Source Code Review Room provided that they undertake not to use any impermissible function of such devices with respect to the source code (i.e., the devices may not be used to record or store the source code in any way). The receiving Party's outside counsel and/or 11.1(D) persons shall be entitled to take notes relating to the source code. All such notes shall be classified as Protected Materials and subject to all of the terms and conditions of this Order.

xiii.           Within sixty (60) days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must either serve upon the producing party, or certify the destruction or redaction of, all paper copies of the producing party's CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE as well as documents, pleadings, reports, and notes containing such source code (or describing it in such detail as to be reasonably equivalent to a copy of a portion of the source code).

xiv.            Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any source code for purposes unrelated to this case.

xv.             Nothing herein shall be deemed a waiver of a party's right to object to the production of source code. Absent a subsequent and specific court

order, nothing herein shall obligate a party to breach any third party license agreement relating to such source code.

xvi.                        The Parties further acknowledge source code may be owned by non-parties and outside a party's possession, custody or control.  Nothing herein shall be deemed a waiver of any non-party's right to object to the production of source code or object to the manner of any such production.

12.     Before counsel for a party receiving Protected Material may disclose the

Protected Material to a proposed technical advisor, consultant, or testifying expert under

Paragraph 11.1(D):

(i)     Counsel shall provide a copy of this Protective Order to such person, who shall

sign the Confidentiality Undertaking attached hereto as Attachment A; and

(ii)     Before the first such disclosure to such person, counsel for the receiving party

shall provide counsel for the producing party written notice via e-mail that includes: (a) the name

and business address of the person; (b) the present employer and business title of the person; (c)

an up-to-date curriculum vitae of the person; (d) an identification of the person's employment

relationships for the past four years; (e) an identification of any previous or current relationship

(personal or professional) with any of the parties; and (f) a listing of other cases in which the

individual has testified (at trial or deposition), within the preceding four years.

(iii)  If the producing party objects to its Protected Material being disclosed to such

person identified in a receiving party's notice given pursuant to this paragraph, the producing

party shall notify counsel for the receiving party in writing via e-mail of the producing party's

objection(s) to such disclosure within five (5) business days of receiving notice.  Any objection

must be made for good cause, stating with particularity the reasons for the objection.  Untimely

objections or objections not stating their basis will be deemed ineffective.  If the producing party

serves an effective written objection in response to the receiving party's written notice given

pursuant to this paragraph, the parties must attempt in good faith to resolve the objection.  If the parties are unable to resolve the objection, the producing party has five (5) days from the date of the written objection, to move the Court for an appropriate protective order.  If the producing party serves an effective written objection and files a motion for protective order within the prescribed period, the receiving party may not disclose the producing party's Protected Material to such person before the objection has been resolved by agreement of the parties or the Court.  If the producing party fails to make an effective objection or fails to move for a protective order within the prescribed period, any objection is waived and its Protected Material may be then be disclosed to such person provided that the person has signed the Confidentiality Undertaking appended as Attachment A to this Order.  Such Confidentiality Undertaking must be retained by counsel for the party that retained such person, but need not be disclosed to any other party unless the Court so orders.  Protected Material may not be disclosed to a person covered by this paragraph until after the objection period provided herein has expired except with the producing Party's written consent.

     13.    Consistent with Federal Rules of Evidence 502, if a Party notifies another Party that it has disclosed Discovery Material protected by the attorney-client privilege or work product doctrine and/or any other applicable privilege or immunity, the disclosure shall not be deemed a waiver in whole or in part of the of the applicable privilege or protection either as to the specific disclosed Discovery Material or as to any other material or information relating thereto on the same or related subject matter.  Upon request, the receiving Party must immediately, but in no case later than ten (10) days from said request or discovery, return or certify the destruction or deletion of all such Discovery Material and any paper or electronic copies of such Discovery Material.  After so doing, the receiving Party may challenge the

propriety of the asserted privilege or immunity by motion or application to the Court, but shall not assert as a ground for challenging such privilege the fact or circumstance of the production. Nothing herein shall prevent the receiving Party from preparing a record for its own use containing the date, author, addressees or recipients and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court.

14.     A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Any application to the Court shall be in accordance with the Federal Rules, Local Rules and Discovery Order in this Action. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

15.     Discovery Material designated CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE must be held in confidence by each person to whom it is disclosed, may be used only for purposes of this litigation, may not be used for any business purpose, and may not be disclosed to any person who is not permitted by this Order to receive such information.  The receiving Party must use reasonable precautions to ensure that Discovery Material designated CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, and CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE is not accessed by persons who are not permitted to receive them.  However, nothing in this Order prevents any court reporter,

videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings.  Further, nothing in this Order affects the admissibility of any Discovery Material or other evidence submitted on any motion or at any hearing or at trial.

16.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court.

17.     Except as the Court otherwise orders, any person may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Materials of which such person has prior personal knowledge.  Specifically, but without limitation:

(a)     A present director, officer, and/or employee of a producing Party may be examined and may testify concerning all Protected Materials which have been produced by that Party;

(b)     A former director, officer, agent and/or employee of a producing Party may be interviewed, examined and may testify concerning all Protected Materials of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

(c)     Nonparties may be examined or testify concerning any Protected Material which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Materials under this Order may be excluded, at the

request of the producing Party, from the portion of the examination concerning such Protected

Materials, unless the producing Party consents to such persons being present at the examination.

If the witness is represented by an attorney who is not permitted under this Order to receive such

Protected Materials, then prior to the examination, the attorney may be requested to provide a

Confidentiality Undertaking in the form of Attachment A to this Order.  If such attorney refuses

to sign such a Confidentiality Undertaking, any Party, may prior to the examination seek a

protective Order from the Court prohibiting such attorney from disclosing such Protected

Materials.

      (d)     In addition to the restrictions on the uses of all types of Protected Materials set

forth in this Order, the following provisions apply to use of Discovery Materials that a Party has

designated CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or

CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE at a deposition:

      (i)     A witness not presently employed or affiliated with a producing Party who previously had access to Protected Material, but who is not under a present non-disclosure agreement with the producing Party that covers that Protected Material, may be shown that Protected Material if the witness is provided with a copy of this Order and advised that it requires the parties to maintain the confidentiality of Protected Materials as set forth herein.

      (ii)     The witness may not copy, take notes on or retain copies of any Protected Materials used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE. The producing Party of any Protected Materials used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, and that the transcript and exhibits only be reviewed by the witness at the offices of counsel to one of the parties or at the offices of the witness's counsel provided that the witness's counsel has executed the Confidentiality Undertaking and undertakes to not copy or disseminate the transcript or exhibits provided for review and to return the same to counsel for the producing Party within 60 days of receipt thereof. In the event that such witness is subsequently scheduled to provide further deposition testimony in this case or is expected to testify at trial, the

witness's counsel may obtain a copy of the witness's prior testimony for
review by the witness prior to such testimony and retain same without
making copies for a period up to 60 days after such further testimony.

18.     Any Protected Material that is filed with the Court shall be filed under seal and

shall remain under seal until further order of the Court. The filing Party shall be responsible for

informing the Clerk of the Court that the filing should be sealed and for placing the legend

"FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and

conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling

requirements set forth in this Order. If a pretrial pleading filed with the Court discloses or relies

on Protected Material, such Protected Material shall be redacted to the extent necessary and the

pleading or exhibit filed publicly with the Court.

19.     Nothing in this Order prohibits transmission or communication of Discovery

Material designated CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES

ONLY between or among qualified recipients (i) by hand-delivery; (ii) in sealed envelopes or

containers via the mails or an established freight, delivery or messenger service; or (iii) by

telephone, telegraph, email, facsimile or other electronic transmission system; where, under the

circumstances, the transmitting Party has no reason to believe that the transmission will be

intercepted or misused by any person who is not a qualified recipient.

20.     A qualified recipient may make working copies, abstracts, digests, analyses, etc.

of Discovery Material designated CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS'

EYES ONLY, and/or CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE

according to the designation of the original documents upon which they are based.  In addition, a

qualified recipient may convert or translate Discovery Material designated CONFIDENTIAL

and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY into electronic form for incorporation into a data retrieval or storage system used in connection with this action.

21.     Testifying experts are not subject to discovery about any draft report and such draft reports and notes or outlines for draft reports are also exempt from discovery.

22.     Discovery of materials provided to testifying experts is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in formulating his final report, trial or deposition testimony or any opinion in this action.  No discovery may be taken from or about any consulting expert except to the extent that consulting expert has provided information, opinions or other materials that a testifying expert relied on in formulating his final report, trial or deposition testimony or any opinion in this action.

23.     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are actually relied upon by a testifying expert in formulating his final report, trial or deposition testimony or any opinion in this action.

24.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs will be treated as attorney-work product for the purposes of this Order and this litigation, but need not be listed on any privileged document log(s).

25.     A nonparty producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material in the same manner and will enjoy the same level of protection under this Order as a producing Party under this Order and shall be treated in a manner analogous to a Producing Party under the terms hereof.  The nonparty shall not obtain any rights to discovery from the Parties by virtue of this Order.

26.     Any of the requirements provided in this Order may be waived, in whole or in part, but only by a writing signed (including electronically) by an attorney of record for the Party against whom such waiver is asserted or through a waiver on the record at a deposition or in proceedings before the Court.

27.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement and dismissal of all claims asserted against all parties in this action, each Party must, at its option, either return to the producing Party or destroy all Protected Materials received from the producing Party, and must destroy, delete or redact all other physical objects and documents, in whatever form stored or reproduced, including but not limited to, summaries, abstracts, digests, excerpts, marked copies, or extracts that contain CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE information of the producing Party.  Notwithstanding the foregoing, outside counsel for the parties may maintain copies of all (a) legal memoranda and the like (but not any Protected Material attached or enclosed therewith or reproduced therein or marked copies of Protected Material); (b) correspondence (but not any Protected Materials attached or enclosed therewith), (b) pleadings, motions, correspondence with the Court and trial briefs (including all supporting and opposing papers and exhibits), (c) written discovery requests and responses (including exhibits), (d) deposition transcripts and exhibits, (e) expert reports and exhibits, (f) trial transcripts, and (g) exhibits offered or introduced into evidence at trial.

28.     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  The Court will determine what, if any, measures are

necessary to protect the confidentiality of Protected Materials used at trial upon application or motion of any Party.

29.     If at any time Protected Materialof a producing Party is subpoenaed or subject to other compulsory process in any other proceeding from a receiving Party, the receiving Party shall give prompt written notice of such subpoena or other legal process within three business days after receipt thereof to the producing Party to permit such the producing Party to take whatever action it deems appropriate with respect to its Protected Materials.  The receiving Party shall refrain from producing such information until the earlier of (a) receipt of written notice from the producing Party that such Party does not object to the production of the material, (b) resolution of any objection asserted by the producing Party to the production of such material, provided that the producing Party timely objects or files an appropriate motion with respect to such Protected Material.  Nothing herein shall be construed as requiring the receiving Party to challenge or appeal any order requiring production of material of a producing Party or to violate any court order.  Production of Protected Material to a non-Party in accordance with this paragraph shall not affect the treatment of such Protected Material under this Order.

30.     This Order has no effect upon, and shall not apply to, the parties' use of their own respective CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE material for any purpose.  A Party may, but is not required, to file under seal its own protected material and the parties remain free to waive any confidentiality protection previously claimed.  For greater certainty, nothing herein is intended to restrict the filing or prosecution of any request for reexamination or suit for declaratory judgment of any patent (other than that a receiving Party

may not use Protected Material of a producing Party in connection with such a request or proceeding).

31.     The production or disclosure of Protected Material shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other material in this action or any other action.

32.     Production of Protected Materials by each of the Parties shall not be deemed a publication of the Protected Material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the Protected Material or its contents.

33.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

34.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Materials to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Materials.

35.     This Order shall survive and remain in effect after the termination of this action.

SIGNED this 13th day of June, 2011.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | | |
|---|---|---|---|
| **MOBILEMEDIA IDEAS LLC,** | § | | |
| | § | | |
| **Plaintiff** | § | | |
| | § | | |
| **vs.** | § | **NO.** | **2:10-cv-112-TJW** |
| | § | | |
| **HTC CORPORATION and HTC** | § | | |
| **AMERICA, INC.,** | § | | |
| | § | | |
| **Defendants.** | § | | |

**ATTACHMENT A TO AGREED PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.  My

    current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and

    understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence,

    will not disclose to anyone not qualified under the Protective Order, and will use only for

    purposes of this action any information designated as Protected Material under the

    Protective Order that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things

    designated as Protected Material that came into my possession, and all documents and

    things that I have prepared relating thereto, to the outside counsel for the Party with

    whom I am associated in this action or who provided the Protected Material to me.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

    Protective Order in this action.  I declare under penalty of perjury that the foregoing is

    true and correct.

Signature _____

Date _____