**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:10-cv-112-TJW |
| HTC CORPORATION and HTC AMERICA, | § | |
| INC., | § | |
|     Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Pending before the Court is Defendants HTC Corporation and HTC America, Inc's (collectively "Defendants" or "HTC") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).   (Dkt. No. 16.)    On March 31, 2010, Plaintiff MobileMedia Ideas LLC ("MobileMedia") filed this patent infringement lawsuit against HTC.   (Dkt. No. 1.)   HTC's Rule 12(b)(6) motion primarily argues that MobileMedia fails to plead facts sufficient support a claim of willful infringement and indirect infringement.

**II.     Analysis**

    **A.      Applicable Law Regarding Motions to Dismiss**

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).   Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).   In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.   *Lormand v.*

1

*US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The Supreme Court has additionally pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*   Second, a complaint must state a plausible claim in order to survive a motion to dismiss.  *Id.*  This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*   "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  The Federal Circuit has noted, however, that *Bell Atlantic* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007).

**B.      MobileMedia's Complaint Sufficiently Pleads Direct Infringement**

Although it is not clear whether HTC is even arguing that MobileMedia's complaint sufficiently pleads direct infringement, to be clear, the Court holds that the complaint sufficiently pleads direct infringement.   MobileMedia's complaint is more than sufficient in its pleading of direct infringement.   The complaint goes so far as to list specific accused product models that are accused of direct infringement.   (*See, e.g.*, Compl., ¶ 27.)   This Court has held that a Complaint is not even required to list specific product models.   *Atwater Partners of Tex. LLC v. AT&T, Inc.*, 2:10-cv-175-TJW, 2010 WL 1004880, at *2-3 (E.D. Tex. Mar. 18, 2011) ("[Form 18] does not name any specific models of the electric motors of the defendant, so naming a specific product is not required.").   Therefore, MobileMedia's direct infringement pleading is sufficient.

**C.      MobileMedia's Complaint Sufficient Pleads Willful Infringement**

HTC argues that MobileMedia's complaint fails to sufficiently plead willful infringement, and the Court disagrees.   The pleading requirements for willful infringement in this District and the Federal Circuit do not appear to be clearly established.   However, this Court has observed that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high.   *See FotoMedia Techns., LLC v. AOL, LLC*, 2:07-CV-255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008) ("The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district.   The same is true for the allegations of willful infringement that remain against AOL, Yahoo and Shutterfly.").   In MobileMedia's complaint, it alleges specific dates where HTC received notice of the patents via letters, (Dkt. No. 1, at ¶¶ 23-24), that HTC's infringement is "willful and in deliberate disregard of [MobileMedia's] rights under the patent," (*See, e.g., id.* at ¶ 28), and that "Defendants continue

3

broadly distributing their infringing devices in the marketplace." (*See, e.g., id.* at ¶ 29.)   The Court holds that these are sufficient factual allegations to state a claim for relief for willful infringement.

The Court rejects HTC's arguments to the contrary.   First, it is clear MobileMedia is seeking willful infringement based on pre-litigation conduct because the complaint alleges that HTC had notice before the lawsuit was filed.   HTC argues that because this notice was approximately six weeks before this lawsuit was filed then HTC cannot be "objectively reckless" under *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc).   But in this Court's view, that argument is better suited for summary judgment, and at this time, the Court does not have the necessary information to make a determination under the summary judgment standard by converting this motion to a motion for summary judgment.[1]   Second, the cases HTC cites with respect to post-suit willfulness are distinguishable because those cases involved plaintiffs that were alleging *solely* post-suit willfulness.   *See In re Seagate*, 497 F.3d at 1374 ("A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based *solely* on the infringer's post-filing conduct.") (emphasis added); *Webmap Techns., LLC v. Google Inc.*, Case No. 2:09-CV-343-DF-CE (E.D. Tex. Sep. 10, 2010, Report & Recommendations) ("Plaintiff has amended its complaint to limit its willfulness allegations against Yahoo to post-filing behavior.").   Third, to the extent HTC is arguing that *In re Seagate* sets forth the pleading requirements for willful infringement, the Court agrees with the Northern District of California court that stated that *In re Seagate* only "addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required."

---

[1] The parties should not interpret this statement to mean that the Court believes such a motion would be with or without merit.   The Court only notes that if there is any merit, then summary judgment would be the appropriate stage to resolve this issue, assuming there are no genuine issues of material fact.

*Advanced Analogic Techns., Inc. v. Kinetic Techns, Inc.*, Case No. C-09-1360-MMC, 2009 WL 1974602, at *2 (N.D. Cal. July 8, 2009) (citations omitted).

### D.      MobileMedia's Complaint Sufficiently Pleads Indirect Infringement

The Court also rejects HTC's argument that MobileMedia failed to sufficiently plead indirect infringement.   Courts in this District have generally required more facts for pleading indirect infringement.   *See Eolas Technologies., Inc. v. Adobe Sys., Inc.*, Case No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (Davis, J.); *PA Advisors, LLC v. Google, Inc.*, 2:07-CV-480-DF, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (Folsom, J.).   *Eolas Technologies* and *PA Advisors*, for example, both require the complaint to at least generically identify a direct infringer with respect to the indirect infringement claims.   *Id.*   The complaint in this case identifies that HTC's customers would necessarily be the direct infringers with respect to the indirect infringement claims.   (*See* Compl., at ¶ 11.)   Paragraph 11 of the complaint also sets forth facts to plead the mental states for both induced and contributory infringement.   Therefore, the Court holds that the complaint, particularly in paragraph 11, pleads sufficient facts to state a plausible claim for relief for contributory and induced infringement.   The Court has carefully considered HTC's arguments to the contrary and finds them without merit.

## III.   Conclusion

For the reasons stated above, Defendants' motions to dismiss is DENIED.   (Dkt. No. 16.)

It is so ORDERED.

SIGNED this 15th day of September, 2011.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE