UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILEMEDIA IDEAS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HTC CORPORATION and,<br>HTC AMERICA, INC.,<br>Defendants. | <br><br><br><br>Case No. 2:10-cv-112-TJW<br><br>JURY TRIAL DEMANDED |

**DEFENDANT HTC CORPORATION AND HTC AMERICA, INC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC"), by its attorneys, hereby answer Plaintiff MobileMedia Ideas LLC's ("MMI") Complaint For Patent Infringement ("Complaint") as follows:

**PARTIES**

1. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 1 of the Complaint and on that basis denies those allegations.

2. HTC admits that HTC Corporation is a corporation organized and existing under the laws of Taiwan and has a principal place of business in Taoyaun, Taiwan. HTC also admits that HTC Corporation designs, manufactures, markets and sells the Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3. HTC denies that HTC America, Inc. is a Texas corporation; HTC America is

incorporated in Washington state. HTC admits that HTC America, Inc. has a principal place of business in Bellevue, Washington. HTC admits that HTC America, Inc. is a wholly-owned subsidiary of HTC Corporation. HTC also admits that HTC America, Inc. has sold the Droid Eris, Imagio, Ozone, Pure, Tilt 2, Touch Pro 2, G-1, myTouch 3G, Dash 3G, XV6900, Fuze, Hero, Snap, Nexus One, Shadow Hotspot and Touch Cruise. HTC further admits that HTC America, Inc. has sold such devices throughout the United States and in this district. Except as expressly admitted herein, HTC Corporation denies the remaining allegations set forth in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. HTC admits that MMI purports to bring a patent infringement action pursuant to Title 35 of the United States Code. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5. HTC admits that, because MMI alleges that this action arises under the patent laws of the United States, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. HTC admits that it is subject to personal jurisdiction in this district. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7. HTC denies that venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(c) and 1400(b). Further, HTC expressly reserves the right to contest whether the Eastern District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens*. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 7 of the Complaint.

## SUMMARY OF CLAIMS

8. HTC admits that MMI purports to bring a patent infringement action against HTC. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 9 of the Complaint and on that basis denies those allegations.

10. HTC denies the allegations in Paragraph 10 of the Complaint.

11. HTC denies the allegations in Paragraph 11 of the Complaint.

## FACTS

12. HTC admits that U.S. Patent No. 5,915,239 (the "'239 Patent") is entitled "Voice-Controlled Telecommunication Terminal" and was issued on June 22, 1999, and that a copy of the '239 Patent was attached to the Complaint as Exhibit A. HTC denies that the '239 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 12 of the Complaint and on that basis denies those allegations.

13. HTC admits that U.S. Patent No. 5,977,887 (the "'887 Patent") is entitled "Data Storage Apparatus" and was issued on November 2, 1999, and that a copy of the '887 Patent was attached to the Complaint as Exhibit B. HTC denies that the '887 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 13 of the Complaint and on that basis denies those allegations.

14. HTC admits that U.S. Patent No. 6,043,760 (the "'760 Patent") is entitled "Language-Dependent Letter Input by Means of Number Keys" and was issued on March 28,

2000, and that a copy of the ’760 Patent was attached to the Complaint as Exhibit C. HTC denies that the ’760 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 14 of the Complaint and on that basis denies those allegations.

15. HTC admits that U.S. Patent No. 6,049,796 (the “’796 Patent”) is entitled “Personal Digital Assistant with Real Time Search Capability” and was issued on April 11, 2000, and that a copy of the ’796 Patent was attached to the Complaint as Exhibit D. HTC denies that the ’796 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 15 of the Complaint and on that basis denies those allegations.

16. HTC admits that U.S. Patent No. 6,253,075 (the “’075 Patent”) is entitled “Method and Apparatus for Incoming Call Rejection” and was issued on June 26, 2001, and that a copy of the ’075 Patent was attached to the Complaint as Exhibit E. HTC denies that the ’075 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 16 of the Complaint and on that basis denies those allegations.

17. HTC admits that U.S. Patent No. 6,427,078 (the “’078 Patent”) is entitled “Device for Personal Communications, Data Collection and Data Processing, and A Circuit Card” and was issued on June 30, 2002, and that a copy of the ’078 Patent was attached to the Complaint as Exhibit F. HTC denies that the ’078 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 17 of the Complaint and on that basis denies

those allegations.

18. HTC admits that U.S. Patent No. 5,490,170 (the "'170 Patent") is entitled "Coding Apparatus for Digital Signal" and was issued on February 6, 1996, and that a copy of the '170 Patent was attached to the Complaint as Exhibit G. HTC denies that the '170 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 18 of the Complaint and on that basis denies those allegations.

19. HTC admits that U.S. Patent No. 5,841,979 (the "'979 Patent") is entitled "Enhanced Delivery of Audio Data" and was issued on November 24, 1998, and that a copy of the '979 Patent was attached to the Complaint as Exhibit H. HTC denies that the '979 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 19 of the Complaint and on that basis denies those allegations.

20. HTC admits that U.S. Patent No. 6,070,068 (the "'068 Patent") is entitled "Communication Terminal Device and Method for Controlling a Connecting State of a Call Into a Desired Connection State Upon a Predetermined Operation by a User" and was issued on May 30, 2000, and that a copy of the '068 Patent was attached to the Complaint as Exhibit I. HTC denies that the '068 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 20 of the Complaint and on that basis denies those allegations.

21. HTC admits that U.S. Patent No. 6,871,048 (the "'048 Patent") is entitled "Mobile Communication Apparatus and Information Providing System Using the Mobile

Communication Apparatus" and was issued on March 22, 2005, and that a copy of the '048 Patent was attached to the Complaint as Exhibit J. HTC denies that the '048 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 21 of the Complaint and on that basis denies those allegations.

22. HTC admits that U.S. Patent No. 7,349,012 (the "'012 Patent") is entitled "Imaging Apparatus with Higher and Lower Resolution Converters and a Compression Unit to Compress Decreased Resolution Image Data" and was issued on March 25, 2008, and that a copy of the '012 Patent was attached to the Complaint as Exhibit K. HTC denies that the '012 Patent was duly and legally issued. Except as expressly admitted or denied herein, HTC is without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 22 of the Complaint and on that basis denies those allegations.

**NOTICE TO DEFENDANTS**

23. HTC admits that on or around February 22, 2010, MMI offered to provide HTC Corporation a patent portfolio license. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. HTC admits that on or around February 16, 2010, MMI offered to provide HTC America a patent portfolio license. Except as expressly admitted herein, HTC denies the remaining allegations set forth in Paragraph 24 of the Complaint.

**FIRST CAUSE OF ACTION**

**(Infringement of the '239 Patent)**

25. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 25 of the Complaint.

26. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 26 of the Complaint and on that basis denies those allegations.

27. HTC denies the allegations in Paragraph 27 of the Complaint.

28. HTC denies the allegations in Paragraph 28 of the Complaint.

29. HTC denies the allegations in Paragraph 29 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**SECOND CAUSE OF ACTION**

**(Infringement of the '887 Patent)**

30. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 30 of the Complaint.

31. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 31 of the Complaint and on that basis denies those allegations.

32. HTC denies the allegations in Paragraph 32 of the Complaint.

33. HTC denies the allegations in Paragraph 33 of the Complaint.

34. HTC denies the allegations in Paragraph 34 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**THIRD CAUSE OF ACTION**

**(Infringement of the '760 Patent)**

35. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 35 of the Complaint.

36. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 36 of the Complaint and on that basis denies those allegations.

37. HTC denies the allegations in Paragraph 37 of the Complaint.

38. HTC denies the allegations in Paragraph 38 of the Complaint.

39. HTC denies the allegations in Paragraph 39 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint

**FOURTH CAUSE OF ACTION**

**(Infringement of the ’796 Patent)**

40. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 40 of the Complaint.

41. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 41 of the Complaint and on that basis denies those allegations.

42. HTC denies the allegations in Paragraph 42 of the Complaint.

43. HTC denies the allegations in Paragraph 43 of the Complaint.

44. HTC denies the allegations in Paragraph 44 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**FIFTH CAUSE OF ACTION**

**(Infringement of the ’075 Patent)**

45. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 45 of the Complaint.

46. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 46 of the Complaint and on that basis denies those allegations.

47. HTC denies the allegations in Paragraph 47 of the Complaint.

48. HTC denies the allegations in Paragraph 48 of the Complaint.

49. HTC denies the allegations in Paragraph 49 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**SIXTH CAUSE OF ACTION**

**(Infringement of the '078 Patent)**

50. HTC incorporates by reference paragraphs 1- 24 of this Answer in response to Paragraph 50 of the Complaint.

51. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 51 of the Complaint and on that basis denies those allegations.

52. HTC denies the allegations in Paragraph 52 of the Complaint.

53. HTC denies the allegations in Paragraph 53 of the Complaint.

54. HTC denies the allegations in Paragraph 54 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Infringement of the '170 Patent)**

55. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 55 of the Complaint.

56. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 56 of the Complaint and on that basis denies those allegations.

57. HTC denies the allegations in Paragraph 57 of the Complaint.

58. HTC denies the allegations in Paragraph 58 of the Complaint.

59. HTC denies the allegations in Paragraph 59 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**EIGHTH CAUSE OF ACTION**

**(Infringement of the '979 Patent)**

60. HTC incorporates by reference paragraphs 1-24 of this Answer in response to

Paragraph 60 of the Complaint.

61. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 61 of the Complaint and on that basis denies those allegations.

62. HTC denies the allegations in Paragraph 62 of the Complaint.

63. HTC denies the allegations in Paragraph 63 of the Complaint.

64. HTC denies the allegations in Paragraph 64 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**NINTH CAUSE OF ACTION**

**(Infringement of the ’068 Patent)**

65. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 65 of the Complaint.

66. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 66 of the Complaint and on that basis denies those allegations.

67. HTC denies the allegations in Paragraph 67 of the Complaint.

68. HTC denies the allegations in Paragraph 68 of the Complaint.

69. HTC denies the allegations in Paragraph 69 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**TENTH CAUSE OF ACTION**

**(Infringement of the ’048 Patent)**

70. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 70 of the Complaint.

71. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 71 of the Complaint and on that basis denies those allegations.

72. HTC denies the allegations in Paragraph 72 of the Complaint.

73. HTC denies the allegations in Paragraph 73 of the Complaint.

74. HTC denies the allegations in Paragraph 72 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**ELEVENTH CAUSE OF ACTION**

**(Infringement of the '012 Patent)**

75. HTC incorporates by reference paragraphs 1-24 of this Answer in response to Paragraph 75 of the Complaint.

76. HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 76 of the Complaint and on that basis denies those allegations.

77. HTC denies the allegations in Paragraph 77 of the Complaint.

78. HTC denies the allegations in Paragraph 78 of the Complaint.

79. HTC denies the allegations in Paragraph 79 of the Complaint. HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint.

**PRAYER FOR RELIEF**

In response to MMI's prayer for relief, HTC denies the allegations contained therein and, further, HTC specifically denies that MMI is entitled to any of the relief requested in the Complaint; specifically denies that MMI is entitled to an adjudication that any of the patents-in-suit have been infringed by HTC; specifically denies that MMI has been damaged by the acts of HTC in any way; specifically denies that MMI is entitled to any injunctive relief; specifically denies that MMI is entitled to any award of treble, punitive, or exemplary damages; specifically denies that MMI is entitled to reasonable attorneys' fees; and specifically denies that MMI is entitled to recover costs, expenses, or disbursements in this action.

**AFFIRMATIVE DEFENSES OF DEFENDANTS**

**HTC CORPORATION AND HTC AMERICA, INC.**

HTC alleges the following as separate and affirmative defenses to the Complaint. By virtue of having listed the following defenses, HTC does not assume any legal or factual burden not otherwise assigned to it under the law.

**FIRST AFFIRMATIVE DEFENSES**

(FAILURE TO STATE A CLAIM)

86. The Complaint fails to state any claims against HTC upon which relief can be granted against HTC.

**SECOND AFFIRMATIVE DEFENSES**

(NON-INFRINGEMENT)

87. HTC has not infringed and is not infringing any of the claims of the Patents-in-Suit directly, indirectly, contributorily, by inducement, or in any other manner.

**THIRD AFFIRMATIVE DEFENSE**

(INVALIDITY)

88. HTC alleges that all of the claims of the Patents-in-Suit are invalid and/or unenforceable because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

(PROSECUTION HISTORY ESTOPPEL)

89. MMI is estopped from construing any valid claim of the Patents-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any product made, used, imported, sold or offered for sale by HTC because of admissions and/or statements made to

the United States Patent and Trademark Office in the specification of and during prosecution of the application leading to the issuance of the Patents-in-Suit.

**FIFTH AFFIRMATIVE DEFENSE**

(IMPLIED LICENSE)

90. The relief sought by MMI is barred in whole or in part by the doctrine of implied license.

**SIXTH AFFIRMATIVE DEFENSE**

(ACQUIESCENCE)

91. The relief sought by MMI is barred in whole or in part by the doctrine of acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

(UNCLEAN HANDS)

92. The relief sought by MMI is barred in whole or in part by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

(LATCHES)

93. MMI is barred by the doctrine of latches from seeking any relief in this action, and, at a minimum, MMI is barred from seeking any damages for any conduct prior to the filing of this action.

**NINTH AFFIRMATIVE DEFENSE**

(35 U.S.C. § 286)

94. MMI's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

**TENTH AFFIRMATIVE DEFENSE**

(35 U.S.C. § 287)

95. MMI's claims for relief and prayer for damages are limited in whole or in part under 35 U.S.C. § 287.

**ELEVENTH AFFIRMATIVE DEFENSE**

(35 U.S.C. § 288)

96. On information and belief, MMI is precluded from recovering costs under 35 U.S.C. § 288.

**TWELFTH AFFIRMATIVE DEFENSE**

(FAILURE TO JOIN A PARTY UNDER RULE 19)

97. On information and belief, Plaintiff has failed to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(LACK OF STANDING)

98. Plaintiff lacks standing to assert infringement of the Patents-in-Suit.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(MISJOINDER)

99. On information and belief, the parties and claims in this action are improperly joined in one action under Rule 20 of the Federal Rules of Civil Procedure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(INTERVENING RIGHTS)

100. The relief sought by Plaintiff is barred in whole or in part by the doctrines of absolute and/or equitable intervening rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

(ADEQUATE REMEDY)

101. MMI's claim for injunctive relief is barred because MMI has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(INEQUITABLE CONDUCT)

102. The '170 Patent is unenforceable due to inequitable conduct committed before the United States Patent and Trademark Office ("USPTO").

*The '170 Patent*

103. The '170 Patent is rendered unenforceable by the inequitable conduct committed by those involved in the prosecution of the application that issued as the '170 Patent, including at least applicant Kenzo Akagiri ("Akagiri").

104. As the named inventor of the '170 Patent, Akagiri had "a duty to disclose to the [Patent] Office all information known to [him] to be material to patentability" of the '170 Patent. See 37 C.F.R. § 1.56(a). Akagiri specifically acknowledged that he had this duty in a declaration filed on March 16, 1992. Akagiri breached his duty by intentionally withholding material information during the prosecution of the '170 Patent.

105. Akagiri filed U.S. Patent Application No. 159,122—the application that issued as the '170 Patent—on November 30, 1993. The '170 Patent claims priority to U. S. Patent Application No. 857,980, which was filed on March 26, 1992, and Japanese Patent Application Nos. 3-091548 and 3-092741, which were filed on March 29 and 30, 1991, respectively.

106. On information and belief, during prosecution of the '170 Patent, its parent application, and its foreign counterparts, Akagiri was aware of at least one earlier publication

that disclosed subject matter nearly identical to the ’170 Patent. Akagiri attended the International Organization for Standardization (“ISO”) meetings regarding the MPEG 1, Layer III Standard as early as 1989. Akagiri’s name appears on an attendance list for one such meeting in October 1989, and pre-registration lists, registering his intention to submit an algorithm for consideration by the ISO, in May and June 1989. On information and belief, Akagiri was aware of a draft of the MPEG-1, Layer III Standard made public and distributed to attendees of the ISO meetings regarding the MPEG 1, Layer III Standard on December 7, 1990.

107. The December 7, 1990 Draft Standard is material to the patentability of one or more claims of the ’170 Patent under 37 C.F.R. § 1.56(a). In MMI’s infringement contentions regarding the ’170 Patent, MMI cites exclusively to the MPEG-1, Layer III standard, rather than to documents regarding the accused HTC products. MMI alleges that the accused HTC products practice the ’170 Patent because they practice the MPEG-1, Layer III Standard. The portions of the MPEG-1, Layer III Standard referenced in MMI’s infringement contentions are present in virtually identical form in the December 7, 1990 Draft Standard. *See* December 7, 1990 Draft Standard (205HTC-PA-1906 to 2083) §§ 1.1, 3.2.7, 3.3.7, 3.4.4 and Annex A3. Thus, by MMI’s own admission, the December 7, 1990 Draft Standard anticipates the ’170 Patent.

108. On information and belief, during prosecution of the ’170 Patent, its parent application, and its foreign counterparts, Akagiri was aware of at least two additional earlier publications that disclosed subject matter nearly identical to the ’170 Patent. On information and belief, the MPEG-1, Layer III Standard was derived from the combination of two ISO submissions, made by AT&T Bell Laboratories et al. (the “ASPEC” submission) and by Philips *et al*. (the “MUSICAM” submission). *See* ASPEC (205HTC-PA-1712 to 1836) §§ 2.2, 6 and Figure 2; MUSICAM (205HTC-PA-2218 to 2317) §§ 3, 14-18 and Figures (“Single Channel

Decoder Flow-Chart," "Sub-band Analysis Flow-Chart," "Sub-band Synthesis Flow Chart"). Like the December 7, 1990 Draft Standard, the ASPEC and MUSICAM submission are, thus, also material to the patentability of one or more claims of the '170 Patent under 37 C.F.R. § 1.56(a). The ASPEC submission was made public and distributed to attendees of the ISO meetings regarding the MPEG 1, Layer III Standard by at least June 18, 1990, and the MUSICAM submission was made public and distributed to attendees of the ISO meetings regarding the MPEG 1, Layer III Standard by at least June 1990. On information and belief, the submission made by Sony *et al*. around the same time, and contributed to by Akagiri, (the "ATAC" submission) was largely rejected by the ISO committee.

109. Akagiri knew or should have known that the Examiner would have considered the December 7, 1990 Draft Standard, the ASPEC submission and the MUSICAM submission material to the patentability of the '170 Patent. Nevertheless, Akagiri failed to disclose the December 7, 1990 Draft Standard, the ASPEC submission or the MUSICAM submission to the Examiner. By intentionally withholding the December 7, 1990 Draft Standard, the ASPEC submission and the MUSICAM submission from the UPSTO during the prosecution of the '170 Patent, Akagiri violated his duty of candor and committed inequitable conduct. Akagiri's inequitable conduct renders the '170 Patent unenforceable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(LICENSE)

110. On information and belief, MMI's claims for relief and prayer for damages are limited in whole or part because HTC is licensed to practice one or more of the Patents-in-Suit, including but not limited to a license from Nokia to practice the '075 patent.

**NINETEENTH AFFIRMATIVE DEFENSE**

(MISCELLANEOUS)

111. HTC reserve the right to assert any other defenses discovery may reveal.

**COUNTERCLAIMS**

For its Counterclaims against Plaintiff, HTC alleges as follows and hereby demands a jury trial on all issues so triable:

**NATURE AND BASIS OF THE ACTION**

1. The Court has jurisdiction to declare the rights and interests of the parties related to these counterclaims for declaratory judgment of patent non-infringement and invalidity under 28 U.S.C. §§ 2201 *et seq*.

2. HTC incorporates and realleges Paragraphs 1 through 110 of its Answer and Affirmative Defenses.

**JURISDICTION AND PARTIES**

3. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

4. HTC Corporation is a corporation organized and existing under the laws of Taiwan and has a principal place of business in Taoyaun, Taiwan. HTC America, Inc. is a Washington State corporation and has a principal place of business in Bellevue, Washington.

5. HTC is informed and believes that Plaintiff and Counter Defendant MobileMedia Ideas LLC ("MMI") is a limited liability company organized under the laws of Delaware with a principal place of business in Chevy Chase, Maryland.

6. HTC contests that venues is proper in the Eastern District of Texas; however, to the extent that the Court finds that venue is proper for MMI's action, venue is also proper in this

judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) for HTC's counterclaims. HTC expressly reserves the right to contest whether the Eastern District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens*.

**FIRST COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE '239 PATENT)

7. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

8. On June 22, 1999, the USPTO issued to Petri Haavisto, Kari Laurila, and Markku Majaniemi the '239 Patent that is entitled "Voice-Controlled Telecommunication Terminal."

9. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the '239 Patent.

10. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the '239 Patent.

11. HTC has not infringed and is not infringing, directly or indirectly, the '239 Patent under 35 U.S.C. § 271.

12. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the '239 patent.

**SECOND COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE '239 PATENT)

13. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 8-10 of these Counterclaims.

14. The claims of the '239 patent are invalid because they fail to meet the

patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’239 patent are invalid.

**THIRD COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’887 PATENT)

16. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

17. On November 2, 1999, the USPTO issued to Alan Grimmett the ’887 Patent that is entitled “Data Storage Apparatus.”

18. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’887 Patent.

19. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’877 Patent.

20. HTC has not infringed and is not infringing, directly or indirectly, the ’887 Patent under 35 U.S.C. § 271.

21. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’877 patent.

**FOURTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’887 PATENT)

22. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 17-19 of these Counterclaims.

23. The claims of the ’887 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

24. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’887 patent are invalid.

**FIFTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’760 PATENT)

25. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

26. On March 28, 2000, the USPTO issued to Kimmo Laakkonen the ’760 Patent that is entitled “Language-Dependent Letter Input by Means of Number Keys.”

27. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’760 Patent.

28. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’760 Patent.

29. HTC has not infringed and is not infringing, directly or indirectly, the ’760 Patent under 35 U.S.C. § 271.

30. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’760 patent.

**SIXTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’760 PATENT)

31. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 26-

28 of these Counterclaims.

32. The claims of the ’760 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

33. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’760 patent are invalid.

**SEVENTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’796 PATENT)

34. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

35. On April 11, 2000, the USPTO issued to Lasse Siitonen and Risto Ronkka the ’796 Patent that is entitled “Personal Digital Assistant with Real Time Search Capability.”

36. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’796 Patent.

37. HTC has not infringed and is not infringing, directly or indirectly, the ’796 Patent under 35 U.S.C. § 271.

38. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’796 patent.

**EIGHTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’796 PATENT)

39. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 35-36 of these Counterclaims.

40. The claims of the ’796 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

41. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’796 patent are invalid.

**NINTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’075 PATENT)

42. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

43. On June 26, 2001, the USPTO issued to Justin Beghtol and Kenneth Mar the ’075 Patent that is entitled “Method and Apparatus for Incoming Call Rejection.”

44. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’390 Patent.

45. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’075 Patent.

46. HTC has not infringed and is not infringing, directly or indirectly, the ’075 Patent under 35 U.S.C. § 271.

47. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’075 patent.

**TENTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’075 PATENT)

48. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 43-

45 of these Counterclaims.

49. The claims of the ’075 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

50. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’075 patent are invalid.

**ELEVENTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’078 PATENT)

51. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

52. On June 30, 2002, the USPTO issued to Kari-Pekka Wilska, Reijo Paajanen, Mikko Terho, and Jari Hamalainen the ’078 Patent that is entitled “Device for Personal Communications, Data Collection and Data Processing, and A Circuit Card.”

53. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’078 Patent.

54. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’078 Patent.

55. HTC has not infringed and is not infringing, directly or indirectly, the ’078 Patent under 35 U.S.C. § 271.

56. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’078 patent.

**TWELFTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’078 PATENT)

57. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 52-54 of these Counterclaims.

58. The claims of the ’078 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

59. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’078 patent are invalid.

**THIRTEENTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’170 PATENT)

60. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

61. On February 6, 1996, the USPTO issued to Kenzo Akagiri and Kyoya Tsutsui the ’170 Patent that is entitled “Coding Apparatus for Digital Signal.”

62. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’170 Patent.

63. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’170 Patent.

64. HTC has not infringed and is not infringing, directly or indirectly, the ’170 Patent under 35 U.S.C. § 271.

65. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe

the claims of the ’170 patent.

**FOURTEENTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’170 PATENT)

66. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 61-63 of these Counterclaims.

67. The claims of the ’170 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

68. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’170 patent are invalid.

**FIFTEENTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’979 PATENT)

69. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

70. On November 24, 1998, the USPTO issued to Nathan Schulhof, James M. Janky, and Grant Jasmin the ’979 Patent that is entitled “Enhanced Delivery of Audio Data.”

71. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’979 Patent.

72. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’979 Patent.

73. HTC has not infringed and is not infringing, directly or indirectly, the ’979 Patent under 35 U.S.C. § 271.

74. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’979 patent.

**SIXTEENTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’979 PATENT)

75. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 70-72 of these Counterclaims.

76. The claims of the ’979 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

77. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’979 patent are invalid.

**SEVENTEENTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’068 PATENT)

78. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

79. On May 30, 2000, the USPTO issued to Fukuharu Sudo the ’068 Patent that is entitled “Communication Terminal Device and Method for Controlling a Connecting State of a Call into a Desired Connection State Upon a Predetermined Operation by a User.”

80. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’068 Patent.

81. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’068 Patent.

82. HTC has not infringed and is not infringing, directly or indirectly, the ’068 Patent under 35 U.S.C. § 271.

83. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’068 patent.

**EIGHTEENTH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’068 PATENT)

84. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 79-81 of these Counterclaims.

85. The claims of the ’068 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

86. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’068 patent are invalid.

**NINETEENTH COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’048 PATENT)

87. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

88. On March 22, 2005, the USPTO issued to Hirokazu Takagaki the ’048 Patent that is entitled “Mobile Communication Apparatus and Information Providing System Using the Mobile Communication Apparatus.”

89. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’048 Patent.

90. There exists an actual and justiciable controversy within the meaning of 28 U.S.C.

§§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’048 Patent.

91. HTC has not infringed and is not infringing, directly or indirectly, the ’048 Patent under 35 U.S.C. § 271.

92. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’048 patent.

**TWENTIETH COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’048 PATENT)

93. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 88-90 of these Counterclaims.

94. The claims of the ’048 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

95. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’048 patent are invalid.

**TWENTY FIRST COUNTERCLAIM FOR RELIEF**

(NON-INFRINGEMENT OF THE ’012 PATENT)

96. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 of these Counterclaims.

97. On March 25, 2008, the USPTO issued to Masayuki Takezawa, Yoichi Mizutani, Hideki Matsumoto, Ken Nakajima, and Toshihisa Yamamoto the ’012 Patent that is entitled “Imaging Apparatus with Higher and Lower Resolution Converters and a Compression Unit to Compress Decreased Resolution Image Data.”

98. MMI claims to be the legal owner by assignment of all rights, title and interest in and to the ’012 Patent.

99. There exists an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between HTC and MMI with respect to the alleged infringement of the ’012 Patent.

100. HTC has not infringed and is not infringing, directly or indirectly, the ’012 Patent under 35 U.S.C. § 271.

101. Accordingly, HTC is entitled to a declaratory judgment that it does not infringe the claims of the ’012 patent.

**TWENTY SECOND COUNTERCLAIM FOR RELIEF**

(INVALIDITY OF THE ’012 PATENT)

102. HTC incorporates by reference the allegations set forth in Paragraphs 1-6 and 97-99 of these Counterclaims.

103. The claims of the ’012 patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

104. Accordingly, HTC is entitled to a declaratory judgment that the claims of the ’012 patent are invalid.

**REQUEST FOR JURY TRIAL**

105. HTC hereby requests a trial by jury of all issues so triable in this Action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant HTC prays that:

(1) the Court dismiss with prejudice the Complaint, that MMI take nothing by reason of the Complaint, and that judgment be rendered in favor of HTC;

(2) the Court render judgment declaring that HTC has not infringed and is not infringing the ’239 Patent or any valid asserted claim therein;

(3) the Court render judgment declaring that HTC has not infringed and is not infringing the ’887 Patent or any valid asserted claim therein;

(4) the Court render judgment declaring that HTC has not infringed and is not infringing the ’760 Patent or any valid asserted claim therein;

(5) the Court render judgment declaring that HTC has not infringed and is not infringing the ’796 Patent or any valid asserted claim therein;

(6) the Court render judgment declaring that HTC has not infringed and is not infringing the ’075 Patent or any valid asserted claim therein;

(7) the Court render judgment declaring that HTC has not infringed and is not infringing the ’078 Patent or any valid asserted claim therein;

(8) the Court render judgment declaring that HTC has not infringed and is not infringing the ’170 Patent or any valid asserted claim therein;

(9) the Court render judgment declaring that HTC has not infringed and is not infringing the ’979 Patent or any valid asserted claim therein;

(10) the Court render judgment declaring that HTC has not infringed and is not infringing the’068 Patent or any valid asserted claim therein;

(11) the Court render judgment declaring that HTC has not infringed and is not infringing the ’048 Patent or any valid asserted claim therein;

(12) the Court render judgment declaring that HTC has not infringed and is not infringing the ’012 Patent or any valid asserted claim therein;

(13) the Court render judgment declaring the ’239 Patent invalid;

(14) the Court render judgment declaring the ’887 Patent invalid;

(15) the Court render judgment declaring the ’760 Patent invalid;

(16) the Court render judgment declaring the ’796 Patent invalid;

(17) the Court render judgment declaring the ’075 Patent invalid;

(18) the Court render judgment declaring the ’078 Patent invalid;

(19) the Court render judgment declaring the ’170 Patent invalid;

(20) the Court render judgment declaring the ’979 Patent invalid;

(21) the Court render judgment declaring the ’068 Patent invalid;

(22) the Court render judgment declaring the ’048 Patent invalid;

(23) the Court render judgment declaring the ’012 Patent invalid;

(24) the Court enjoin MMI, its assigns, and all those in privity therewith from asserting the Patents-in-Suit against HTC or any of its customers or suppliers;

(25) the Court award HTC its fees and costs, including attorneys’ fees incurred herein;

(26) the Court grant an award to HTC of their attorneys fees pursuant to 35 U.S.C. §285 because this is an exceptional case; and

(27 the Court grant HTC such other and further relief as it deems just and appropriate.

Dated: September 29, 2011

Respectfully submitted,

/s/ David M. Beckwith

Yar Chaikovsky
Rick C. Chang
McDermott Will & Emery LLP
275 Middlefield Road
Suite 100
Menlo Park, California 94025-4004

David M. Beckwith
McDermott Will & Emery LLP
11682 El Camino Real
Suite 400
San Diego, California 92130-2047

J. Thad Heartfield
M. Dru Montgomery
The Heartfield Law Firm
104 E. Houston Street
Suite 120
Marshall, Texas 75670

ATTORNEYS FOR DEFENDANTS
HTC CORPORATION and HTC AMERICA, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 29th day of September, 2011. Local Rule CV-5(a)(3)(A).

/s/ David M. Beckwith
David M. Beckwith

DM_US 28668725-2.080086.0016