**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC,<br><br>Plaintiff,<br>v.<br><br>HTC CORPORATION<br>and HTC AMERICA, INC.,<br><br>Defendants. | ) | Civil Action No. 2:10-cv-112-DF<br><br>JURY TRIAL DEMANDED |

**<u>PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS</u>**

Plaintiff MobileMedia Ideas LLC ("MMI"), by and through its undersigned attorneys, for its Reply to the Counterclaims asserted by Defendants HTC Corporation and HTC America, Inc. (collectively, "Defendants") in their Answer to Complaint and Counterclaims dated September 29, 2011 (the "Counterclaims," Dkt. No. 85), replies to Defendants' Counterclaims as follows:

Unless otherwise expressly admitted, MMI denies each and every allegation in the Counterclaims including, without limitation, any allegations in the headings, subheadings, preamble and prayer for relief.

For its response to the numbered paragraphs of Defendants' Counterclaims, MMI avers as follows:

1. Admits the allegations of paragraph 1 of Defendants' Counterclaims.

2. Paragraph 2 of Defendants' Counterclaims is a statement referring to Defendants' Answer and Affirmative Defenses to which no response is required. To the extent a response is required, the allegations are denied.

3. Admits the allegations of paragraph 3 of Defendants' Counterclaims.

4. Admits that HTC Corporation purports to be a corporation organized and existing under the laws of Taiwan with a principal place of business in Taoyaun, Taiwan. MMI further admits that HTC America, Inc. ("HTCA") purports to be a Washington State corporation with a principal place of business in Bellevue, Washington and states that during briefing on Defendants' motion to transfer (Dkt. No. 23), HTCA changed its corporate status from a Texas corporation to an entity incorporated in Washington State.

5. Admits that MMI is a limited liability company organized under the laws of Delaware with a principal place of business in Chevy Chase, Maryland.

6. Admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) and that HTC contests the propriety of venue in this District, but denies the remaining allegations in paragraph 6 of Defendants' Counterclaims.

7. Responding to paragraph 7 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

8. Admits the allegations of paragraph 8 of Defendants' Counterclaims.

9. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '239 Patent.

10. Paragraph 10 of Defendants' Counterclaims states a legal conclusion to which no response is required.

11. Denies the allegations of paragraph 11 of Defendants' Counterclaims.

12. Denies the allegations of paragraph 12 of Defendants' Counterclaims.

13. Responding to paragraph 13 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 8 through 10 of Defendants' Counterclaims as though those responses were specifically restated here.

14. Denies the allegations of paragraph 14 of Defendants' Counterclaims.

15. Denies the allegations of paragraph 15 of Defendants' Counterclaims.

16. Responding to paragraph 16 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

17. Admits the allegations of paragraph 17 of Defendants' Counterclaims.

18. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '887 Patent.

19. Paragraph 19 of Defendants' Counterclaims states a legal conclusion to which no response is required.

20. Denies the allegations of paragraph 20 of Defendants' Counterclaims.

21. Denies the allegations of paragraph 21 of Defendants' Counterclaims and states that there is no '877 patent in suit in this case or otherwise defined in any of the pleadings. To the extent that Defendants meant to allege that they are not infringing the claims of the '887 Patent (as opposed to the pleaded "'877 Patent"), MMI denies that allegation as well.

22. Responding to paragraph 22 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 17 through 19 of Defendants' Counterclaims as though those responses were specifically restated here.

23. Denies the allegations of paragraph 23 of Defendants' Counterclaims.

24. Denies the allegations of paragraph 24 of Defendants' Counterclaims.

25. Responding to paragraph 25 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

26. Admits the allegations of paragraph 26 of Defendants' Counterclaims.

27. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '760 Patent.

28. Paragraph 28 of Defendants' Counterclaims states a legal conclusion to which no response is required.

29. Denies the allegations of paragraph 29 of Defendants' Counterclaims.

30. Denies the allegations of paragraph 30 of Defendants' Counterclaims.

31. Responding to paragraph 31 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 26 through 28 of Defendants' Counterclaims as though those responses were specifically restated here.

32. Denies the allegations of paragraph 32 of Defendants' Counterclaims.

33. Denies the allegations of paragraph 33 of Defendants' Counterclaims.

34. Responding to paragraph 34 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

35. Admits the allegations of paragraph 35 of Defendants' Counterclaims.

36. Paragraph 36 of Defendants' Counterclaims states a legal conclusion to which no response is required.

37. Denies the allegations of paragraph 37 of Defendants' Counterclaims.

38. Denies the allegations of paragraph 38 of Defendants' Counterclaims.

39. Responding to paragraph 39 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 35 through 36 of Defendants' Counterclaims as though those responses were specifically restated here.

40. Denies the allegations of paragraph 40 of Defendants' Counterclaims.

41. Denies the allegations of paragraph 41 of Defendants' Counterclaims.

42. Responding to paragraph 42 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

43. Admits the allegations of paragraph 43 of Defendants' Counterclaims.

44. MMI denies the allegations in paragraph 44 of Defendants' Counterclaims to the extent that the phrase "'390 Patent" is not defined anywhere in Defendants' Answer to Complaint and Counterclaims and therefore it is not clear to what patent Defendants mean to refer. To the extent paragraph 44 of Defendants' Counterclaims is intended to refer to the '075 Patent, MMI admits that it the legal owner by assignment of all rights, title and interest in and to the '075 Patent.

45. Paragraph 45 of Defendants' Counterclaims states a legal conclusion to which no response is required.

46. Denies the allegations of paragraph 46 of Defendants' Counterclaims.

47. Denies the allegations of paragraph 47 of Defendants' Counterclaims.

48. Responding to paragraph 48 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 43 through 45 of Defendants' Counterclaims as though those responses were specifically restated here.

49. Denies the allegations of paragraph 49 of Defendants' Counterclaims.

50. Denies the allegations of paragraph 50 of Defendants' Counterclaims.

51. Responding to paragraph 51 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

52. Admits the allegations of paragraph 52 of Defendants' Counterclaims.

53. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '078 Patent.

54. Paragraph 54 of Defendants' Counterclaims states a legal conclusion to which no response is required.

55. Denies the allegations of paragraph 55 of Defendants' Counterclaims.

56. Denies the allegations of paragraph 56 of Defendants' Counterclaims.

57. Responding to paragraph 57 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 52 through 54 of Defendants' Counterclaims as though those responses were specifically restated here.

58. Denies the allegations of paragraph 58 of Defendants' Counterclaims.

59. Denies the allegations of paragraph 59 of Defendants' Counterclaims.

60. Responding to paragraph 60 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

61. Admits the allegations of paragraph 61 of Defendants' Counterclaims.

62. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '170 Patent.

63. Paragraph 63 of Defendants' Counterclaims states a legal conclusion to which no response is required.

64. Denies the allegations of paragraph 64 of Defendants' Counterclaims.

65. Denies the allegations of paragraph 65 of Defendants' Counterclaims.

66. Responding to paragraph 66 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 61 through 63 of Defendants' Counterclaims as though those responses were specifically restated here.

67. Denies the allegations of paragraph 67 of Defendants' Counterclaims.

68. Denies the allegations of paragraph 68 of Defendants' Counterclaims.

69. Responding to paragraph 69 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

70. Admits the allegations of paragraph 70 of Defendants' Counterclaims.

71. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '979 Patent.

72. Paragraph 72 of Defendants' Counterclaims states a legal conclusion to which no response is required.

73. Denies the allegations of paragraph 73 of Defendants' Counterclaims.

74. Denies the allegations of paragraph 74 of Defendants' Counterclaims.

75. Responding to paragraph 75 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 70 through 72 of Defendants' Counterclaims as though those responses were specifically restated here.

76. Denies the allegations of paragraph 76 of Defendants' Counterclaims.

77. Denies the allegations of paragraph 77 of Defendants' Counterclaims.

78. Responding to paragraph 78 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

79. Admits the allegations of paragraph 79 of Defendants' Counterclaims.

80. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '068 Patent.

81. Paragraph 81 of Defendants' Counterclaims states a legal conclusion to which no response is required.

82. Denies the allegations of paragraph 82 of Defendants' Counterclaims.

83. Denies the allegations of paragraph 83 of Defendants' Counterclaims.

84. Responding to paragraph 84 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 79 through 81 of Defendants' Counterclaims as though those responses were specifically restated here.

85. Denies the allegations of paragraph 85 of Defendants' Counterclaims.

86. Denies the allegations of paragraph 86 of Defendants' Counterclaims.

87. Responding to paragraph 87 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

88. Admits the allegations of paragraph 88 of Defendants' Counterclaims.

89. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '048 Patent.

90. Paragraph 90 of Defendants' Counterclaims states a legal conclusion to which no response is required.

91. Denies the allegations of paragraph 91 of Defendants' Counterclaims.

92. Denies the allegations of paragraph 92 of Defendants' Counterclaims.

93. Responding to paragraph 93 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 88 through 90 of Defendants' Counterclaims as though those responses were specifically restated here.

94. Denies the allegations of paragraph 94 of Defendants' Counterclaims.

95. Denies the allegations of paragraph 95 of Defendants' Counterclaims.

96. Responding to paragraph 96 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 of Defendants' Counterclaims as though those responses were specifically restated here.

97. Admits the allegations of paragraph 97 of Defendants' Counterclaims.

98. Admits that MMI is the legal owner by assignment of all rights, title and interest in and to the '012 Patent.

99. Paragraph 99 of Defendants' Counterclaims states a legal conclusion to which no response is required.

100. Denies the allegations of paragraph 100 of Defendants' Counterclaims.

101. Denies the allegations of paragraph 101 of Defendants' Counterclaims.

102. Responding to paragraph 102 of Defendants' Counterclaims, MMI repeats its responses to the allegations of paragraphs 1 through 6 and 97 through 99 of Defendants' Counterclaims as though those responses were specifically restated here.

103. Denies the allegations of paragraph 103 of Defendants' Counterclaims.

104. Denies the allegations of paragraph 104 of Defendants' Counterclaims.

105. Paragraph 105 is a request for jury trial to which no response is required.

## MMI'S AFFIRMATIVE DEFENSE

Defendants' Counterclaims fail to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, MMI demands judgment as follows:

A. Dismissing each and every one of Defendants' Counterclaims with prejudice;

B. Adjudging, finding and declaring this to be an exceptional case in view of the meritless nature of some or all of Defendants' Counterclaims, thereby entitling MMI to reasonable attorneys' fees, costs, and disbursements pursuant to 35 U.S.C. § 285; and

C. Granting MMI such other and further relief as this Court may deem just and proper.

Dated: October 24, 2011

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: *__/s/ Samuel F. Baxter________*
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
104 E. Houston St., Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John F. Garvish, II
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
McKOOL SMITH, P.C.
300 W. 6th St. Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Garrard R. Beeney
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Plaintiff*
*MobileMedia Ideas LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on October 24, 2011. Local Rule CV-5(a)(3)(A).

*/s/ Samuel F. Baxter*
Samuel F. Baxter