**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:10-cv-112-JRG |
| | § | |
| HTC CORPORATION AND HTC | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Pending before the Court is HTC Corporation and HTC America, Inc.'s (collectively, "HTC") Motion to Compel Production of Withheld Documents.  (Dkt. No. 115.)  HTC asks this Court, pursuant to Fed. R. Civ. P. 37(a) and the Discovery Order entered in this case to compel third-party MPEG-LA, LLC ("MPEG") to produce certain withheld documents.  Plaintiff MobileMedia Ideas LLC ("MMI") opposes this Motion.  Having carefully considered the parties' written submissions, the Court **DENIES** the Motion.

## II.    BACKGROUND

On July 26, 2011, HTC's attorneys issued two subpoenas to non-party MPEG requiring it to testify and produce documents.  These subpoenas were issued through the United States District Court for the District of Maryland and were served on MPEG at its corporate address in Chevy Chase, Maryland.  (Dkt. No. 127-1, at 2.)  HTC asserts that MPEG withheld email communications (and associated attachments) between and among MPEG, MMI, Sony

Corporation of America ("Sony"), and Nokia Corporation ("Nokia") by asserting that the communications were protected by the common interest privilege. (Dkt. No. 115.) HTC contends that the assertion of privilege may have been improper and therefore requests that this Court review certain withheld documents identified in MPEG's privilege log based on the procedure set forth in the Discovery Order in this case. (Dkt. No. 115.)

MMI opposes this request on the grounds that this Court does not have jurisdiction to compel production from MPEG. (Dkt. No. 126.) MMI argues that Rule 45(c)(2) of the Federal Rules of Civil Procedure clearly states that a motion to compel production pursuant to a subpoena must be made to the Court that issued the subpoena: "the serving party may move *the issuing court* for an order compelling production." Fed. R. Civ. P. 45 (emphasis added). Similarly, MMI contends that with respect to non-parties like MPEG, Rule 37(a)(2) requires that "a motion for an order to a nonparty must be made *in the court where the discovery is or will be taken*." Fed. R. Civ. P. 37 (emphasis added). Given that the subpoenas were issued by the United States District Court for the District of Maryland, MMI argues that that the Maryland Court has jurisdiction to rule on the motion to compel and that this Court does not have jurisdiction.

HTC responds that MPEG has a financial interest in the outcome of this litigation and based on MPEG's status as an alleged interested party, this Court does have jurisdiction to compel production. Additionally, on May 1, 2012, HTC filed a Notice in this case to advise this Court that it had opened a related action on April 27, 2012 in the District of Maryland specifically to enforce the subpoenas served on MPEG and to compel production of the withheld documents. (Dkt. No. 149.) HTC acknowledges that the Motion to Compel filed in the newly opened Maryland case requests the exact same relief as the Motion to Compel filed in this Court

on February 23, 2012.  HTC proposes that "[r]ather than demanding that the parties educate Judge Williams [presiding Judge in Maryland proceedings] on the facts and allegations in this case, the Court in Maryland is in position to transfer the miscellaneous action, thereby consolidating the issues in a single (familiar) forum … it would be the most efficient use of the Court's resources for chambers personnel in Texas and Maryland to communicate as to which Court will handle this discovery dispute."  *Id.*

## III.  ANALYSIS

A plain reading of the Federal Rules of Civil Procedure and the relevant case law indicates that this Court does not have jurisdiction to compel production from MPEG under these circumstances.  *See, e.g.,* Fed. R. Civ. P. 37(a) and 45(c)(2); *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) (Rule 45 assigns the court issuing a deposition subpoena "the responsibility of issuing and enforcing subpoenas in its district"); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas."); *Assoc. of Am. Physicians & Surgeons, Inc. v. Texas*, No. 5:07-cv-191-DF-CMC, 2008 WL 2944671 (E.D. Tex. Jul. 25, 2008) ("[I]t is clear that the courts where the action is pending lacks jurisdiction to rule on subpoenas issues from other courts…"); *Limon  v. BerryCo Barge Lines, L.L.C.*, No. G-07-274-LHR, 2009 WL 1347363, at *1 (S.D. Tex. May 13, 2009) ("Rule 45 allocates authority over subpoenas to the court for the district from which they are issued …"); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed.) ("It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena.")

It should be noted, however, that the Court does not intend for this particular ruling to amount to a blanket rule that it may never rule upon a motion to compel related to a subpoena

served on a non-party, particularly when the parties have conclusively shown (unlike here) that the "third party" has a significant interest in the litigation. Further, this Court is not opposed to presiding over the Motion to Compel filed in the Maryland action if it were referred or transferred to the undersigned by Judge Williams, but the decision whether or not to take such action is a matter best left to the rules and case law of the United States District Court for the District of Maryland and the sound discretion of the presiding Judge in that matter. Under these circumstances and unless and until the Maryland action is transferred to the Eastern District of Texas, this Court does not have jurisdiction to grant the relief HTC requests.

## V.     CONCLUSION

For the reasons set forth above, HTC's Motion to Compel Production of Withheld Documents is **DENIED**.

**So ORDERED and SIGNED this 4th day of May, 2012.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE