# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS, LLC, | § § § | |
| Plaintiff, | § § | CASE NO. 2:10-cv-112-JRG |
| v. | § § § | |
| HTC CORP. AND HTC AMERICA, INC., | § § § | |
| Defendants. | § § | |

## FINAL PRETRIAL ORDER

The Court held a pretrial hearing on April 22, 2013 and entered an Order ruling on certain of the parties' motions and motions *in limine* (Dkt. No. 377). That ruling is reaffirmed as part of this Order.

On April 29, 2013 and May 3, 2013, the Court held a second and third pretrial hearing. During these hearings, the Court heard argument on MMI's Motion to Strike Portions of Expert Reports of Kevin Jeffay, Nikil Jayant, and Jack Grimes (Dkt. No. 313), Defendants' Motion to Strike Portions of MMI's Technical Expert Reports (Dkt. No. 316), Defendants' Motion to Strike the Expert Reports of Raymond S. Sims and Dr. Ravi Dhar (Dkt. No. 317), MobileMedia Ideas LLC's Motion for Summary Judgment (Dkt. No. 315), and the parties Joint Notice of Outstanding Exhibit Objections (Dkt. No. 379). The Court announced its rulings and reasoning into the record. Any clarification and/or modification to such motions, as stated by the Court during such hearing, fully applies to the rulings as stated below, and such rulings do not exclude any clarification and/or modification as stated in the record.

I.      **Remaining Motions**

MMI's Motion to Strike Portions of Expert Reports of Kevin Jeffay, Nikil Jayant, and Jack Grimes (Dkt. No. 313) is **DENIED-IN-PART** with respect to expert opinion on lack of written description and invalidity opinions on new references, pursuant to the Court's reasoning as fully set forth in the record. The Court reminds the parties that although these expert reports are not found defective by this ruling, the experts may not testify about references from Defendant's Amended Invalidity Contentions that the Court has previously stricken. This Motion is **GRANTED-IN-PART** with respect to expert opinion on the issue of indefiniteness, pursuant to the Court's reasoning as fully set forth in the record.

Defendants' Motion to Strike Portions of MMI's Technical Expert Reports (Dkt. No. 316) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record. However, the Court cautions the Plaintiff that its infringement theories must find a basis in its original or amended infringement contentions.

Defendants' Motion to Strike the Expert Reports of Raymond S. Sims and Dr. Ravi Dhar (Dkt. No. 317) is **DENIED**, pursuant to the Court's reasoning as fully set forth in the record.

MobileMedia Ideas LLC's Motion for Summary Judgment (Dkt. No. 315) is **DENIED** as to Defendants' counterclaims and affirmative defenses of lack of standing, implied license, inequitable conduct, and unclean hands, pursuant to the Court's reasoning as fully set forth in the record. With respect to the issue of unasserted claims, to the extent that Defendants' counterclaims of invalidity can be construed to encompass patent claims that Plaintiff does not assert in this case, those counterclaims are hereby **DISMISSED WITHOUT PREJUDICE**. Regarding Defendant's affirmative defense of laches and acquiescence, the Court finds that if Plaintiff still seeks equitable

relief at the conclusion of trial, then Defendant may present its laches defense at that time.

**II.     Joint Notice of Outstanding Exhibit Objections (Dkt. No. 379)**

The Court heard argument on the disputed exhibits on May 3 and announced its rulings and reasoning into the record. Such rulings are memorialized herein and are as follows:

1. Irrelevant E-mails of HTC Employees Never Deposed or Tied to Any Testifying Witness (PX-110, PX-113, PX-320, PX-324, PX-1838) are **pre-admitted** only to the extent the emails are sent by Peter Chou, the CEO of HTC.

2. Irrelevant and Prejudicial "Fake" Documents (PX-165 – PX-171, PX-1874) are **pre-admitted** for the limited purpose of showing HTC's state of mind.

3. Apple Verdict Form (PX-588) is NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

4. Non-Comparable Licenses that are the subject of HTC's *Daubert* Motion (PX-0378, PX-0379, PX-0380, PX-0381, PX-0382, PX-0387, PX-0480, PX-0614- PX-0618, PX-0940, PX-1759, PX-1760, PX-1762, PX-1764, PX-1765, PX-1766, PX-1767, PX-1768, PX-1770- PX-1782, PX-1784, PX-1785, PX-1900) are **pre-admitted**.

5. Schedules/Attachments to Expert Reports (PX-1945 and PX-1946) are **pre-admitted**.

6. Instructional Videos (PX-1692-1698) are **pre-admitted**.

7. Printouts From Website (PX-0761, PX-0794, PX-0814, PX-0824, PX-0828, PX-0829, PX-0942, PX-1579 – PX-1612) are **pre-admitted**.

8. Apple-HTC Redacted License (PX-1923) is NOT pre-admitted. Similarly, the unredacted Apple-HTC license and Nokia-Qualcomm licenses that the Court has ordered for production are NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

9. Alleged prior art not relevant to this trial (DX-0232-37, DX-0240-42, DX-0244-53, DX-0255-56, DX-0258-59, DX-0261-69, DX-0271-77, DX-0280-85, DX-0287-93, DX-0297, DX-0299-01, DX-0308, DX-0332, DX-0343, DX-0392, DX-0435, DX-0475, DX-0484, DX-0505-15, DX-0524, DX-26-31, DX-0535, DX-05-55, DX-0557-60, DX-0562-84, DX-0586, DX-0588-95, DX-0597-98, DX-0600-10, DX-0612-20, DX-0622-25, DX-0628-55, DX-0657-63, DX-0666-72, DX-0674-75, DX-0677-86, DX-0688-01, DX-0703-11, DX-0713-22, DX-0724-31, DX-0734-52, DX-0754-66, DX-0768-81, DX-0788, DX-0790, DX-0792-93, DX-0795, DX-0797, DX-0799-01, DX-0804, DX-0806-09, DX-0814, DX-0819, DX-0848, DX-0955,

DX-0960, DX-0964, DX-0981-83, DX-0785-87, DX-0798, DX-0805, DX-0816, DX-0828, DX-0876) is **pre-admitted** to the extent the prior art references relate to the remaining patents asserted in this case.

10. Documents concerning Audio Information Highway bankruptcy proceeding (DX-875, 946, 947, 948, 950, 954) are **pre-admitted**.

11. HTC non-comparable licenses (DX-1025, and DX-1053) were carried by the Court on May 3. Upon further consideration, the Court finds these documents are NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

12. Pending reexamination file histories (DX-126, 134, 154) are NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

13. Court orders concerning patents not in suit (DX-1386) are NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

The category of "documents and articles by third parties" was carried by the Court on May 3 and the parties were instructed to meet and confer to narrow the disputes. On May 10, the parties submitted a Joint Notice of Remaining Exhibit Disputes (Dkt. No. 410) that added additional disputed exhibits. The Court has considered the parties' submission and finds as follows.

1. Third party documents:

    a. (DX-1171) is **pre-admitted**

    b. (PX-1908 and PX-1909) is NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

2. Exhibits added as of the last pre-trial conference on May 3, 2013:

    a. (DX-270.1, DX-270.2, DX-270.3, DX-270.4, DX-270.5, DX-270.6, DX-270.7, DX-270.8, and DX-270.9) is NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

    b. (DX-849; DX-850; DX-851; DX-1332 and DX-1333) is **pre-admitted**.

      c. (DX-1325; DX-1326; DX-1327; DX-1328; and DX-1329) is NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

      d. (PX-1947 - PX-1949) is **pre-admitted**.

      e. (PX-1952-PX-1955) is NOT pre-admitted. The parties are directed to approach the bench before publishing such documents to the jury.

Any exhibit on each side's amended exhibit list (Dkt. Nos. 407 and 408) not specifically objected to in the Joint Notice of Outstanding Exhibit Objections is also pre-admitted. As the Court informed the parties at the pretrial hearing, a pre-admitted exhibit will not become part of the record in this case unless it is introduced at trial; however, objections not made during the pre-admission process are considered waived and may not be raised during trial. Objections overruled during the pre-admission process are preserved for appeal without being re-urged during the case in chief in the event the underlying exhibit is utilized at trial.

## III. Carried or Additional Rulings

The Court made some additional rulings on the record during the May 3 pretrial hearing that are memorialized herein:

Plaintiff's Motion to Compel HTC to Produce License Agreements as to the HTC/Apple license (Dkt. No. 229) and HTC's Motion to Compel Production of Documents as to the Nokia/Qualcomm license (Dkt. No. 219) were previously carried by the Court. After further consideration, the Court hereby **GRANTS** both Motions.

The Court additionally considered the parties' briefing regarding construction of means-plus-function claim term no. 78 (Dkt. Nos. 389 and 390) and announced its construction and reasoning on the record. The Court hereby finds that the corresponding structure for "audio output and conditioning means, connected to the playback means, for selecting and retrieving a

selected data file and for reproducing the selected [audio] data file in audibly perceptible form for playback at a real time delivery rate" to be "audio conditioner module, and an audible display module, such as a speaker, and equivalents thereof."

This order memorializes the rulings announced during the pretrial hearings held on April 29 and May 3, 2013. However, this order does not limit the rulings as announced and as may be more fully explained by the Court's pronouncements into the record as a part of such hearing.

## IV.   Clarification Regarding Goodwin/Manual § 103 Obviousness Combination

Before the Court is additional briefing seeking clarification on whether HTC may offer the obviousness combination of the Goodwin patent and the Simon User Manual at trial. (Dkt. Nos. 401 and 402.) The Court has previously heard argument and entered rulings on the use of the Simon Device and Manual prior art on three separate occasions: Defendant's Motion to Amend Invalidity Contentions (February 1, 2013 hearing), MMI's Motion to Strike HTC's Amended Invalidity Contentions (April 22, 2013 hearing), and MMI's *Daubert* Motion (April 29, 2013 hearing). It has been clear to the Court that MMI's position and requested relief in each instance was to strike the 102 and 103 references disclosed for the first time in HTC's amended invalidity contentions. Therefore, the issues resolved by the Court's rulings were likewise limited to the specific references and combinations disclosed in HTC's amended invalidity contentions.

Accordingly, the Court hereby clarifies that its prior rulings do not exclude references explicitly disclosed in HTC's original invalidity contentions, including the specific disclosures made of the Goodwin patent and Simon User Manual § 103 obviousness combination. However, any portion of the Simon User Manual not expressly disclosed in the Defendants' original invalidity contentions are excluded by the Court and shall not be offered before the jury at trial.

## V.     Trial Procedure

Trial is scheduled to begin at 8:30 am on Monday, May 13th, 2013. As the Court has previously instructed, the parties will have 12 hours per side to present their evidence, not including opening and closing statements. The parties each have 25 minutes per side for opening statements and 30 minutes per side for closing statements. Court will be in chambers and available by 7:30 am each day before the start of evidence to take up any housekeeping matters or late-arriving disputes that might come up during trial. Any deposition clip objections must be brought to the Court's attention on a rolling basis during the morning hour on the day *before* such clip is expected to be played at trial. In addition, exhibits introduced into evidence each day will be read into the record the next morning before the jury is brought into the Courtroom.

**So ORDERED and SIGNED this 10th day of May, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE